UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ARTIST A. TERRY and
MARTHA M. TERRY,

        Appellants,

v.                                               Case No. 17-cv-575-pp

MARY B. GROSSMAN,

        Appellee.

---

**ORDER DISMISSING BANKRUPTCY APPEAL FOR LACK OF DILIGENCE**

---

On April 21, 2017, the debtors, representing themselves, filed a letter to Chief Bankruptcy Judge Susan V. Kelley, telling her that they wanted to appeal the trustee's motion to dismiss their Chapter 13 bankruptcy case. Dkt. No. 1. They expressed various complaints about their bankruptcy lawyer's performance. Id. The bankruptcy court clerk's office construed this letter as an appeal from the dismissal of the case, and this court—the district court—opened up on appeal. The debtors did not pay the appellate filing fee.

On May 23, 2017, the clerk of the district court sent the debtors and the trustee a letter, explaining that Bankruptcy Rule 8018 governed the deadlines for filing briefs in bankruptcy appeals, and that the time limits had started to run. Dkt. No. 3. On June 5, 2017, the bankruptcy court notified the district court that the debtors had paid their filing fee in full.

It has been 162 days since the time limits began to run under Fed. R. Bankr. P. 8018. The rule says that the person who is appealing must file a brief within thirty (30) days of receiving the notice from the clerk of the district court. So the debtors' brief was due on June 22, 2017—over four months ago. The debtors have not filed anything during that time.[1]

Under Civil Rule 41(c) of the Local Rules for the Eastern District of Wisconsin, the court **DISMISSES** the appellant's appeal for lack of diligence. The court **ORDERS** that the clerk's office shall close the appeal.

Dated in Milwaukee, Wisconsin this 31st day of October, 2017.

                              **BY THE COURT:**

                              **HON. PAMELA PEPPER**
                              **United States District Judge**

---

[1] On October 11, 2017, the court received a letter from Attorney Thomas J. Schneck. Dkt. No. 5. The letter stated that Attorney Schneck represented the debtors in Case No. 17-26215 in the bankruptcy court. He stated that he had believed that this appeal previously had been dismissed, but that he had learned from the trustee that it was still active. He stated that he was requesting "a withdrawal and dismissal" of the appeal. Id. Attorney Schneck has not made an appearance in this case. And this case is an appeal from the dismissal of Case No. 15-30432; Attorney Mont Martin represented the debtors in that case. The court cannot dismiss an appeal based on a letter from an attorney who has not made an appearance on behalf of the appellants, and so the court's dismissal is based on failure to diligently pursue the case.